## United States Bankruptcy Court
### Northern District of Indiana

| | | | |
|---|---|---|---|
| In re | **David E. Freyburgher**<br>**Elizabeth A. Freyburgher** | Case No. | **17-12243** |
| | Debtor(s) | Chapter | **13** |

## AMENDED CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$3,500.00** per month for **60** months.

   Total of plan payments: **$210,000.00**

   **Debtors' combined Income tax refunds received in any calendar year that exceed $500.00 shall be turned over to the Trustee for the benefit of the Debtors' creditors.**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:    **Trustee shall be paid according to applicable statute.**
      (2) Attorney's Fee (unpaid portion):    **$3,310.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):    **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      **Allowed priority claims shall be paid in full.**

   c. Secured Claims

      (1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

      | Name | Description of Collateral | Pre-Confirmation Monthly Payment |
      |---|---|---|
      | **Chase Mortgage** | **704 W. Main Portland, IN 47371  Jay County** | **664.83** |

    (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

        (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Minimum Monthly Payment | Interest Rate |
|---|---|---|---|
| **OneMain Financial / 2008 Saturn Vue** | **1,990.00** | **50.00** | **5.00%** |

        (b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Approximate Amount of Allowed Secured Claim | Minimum Monthly Payment | Interest Rate |
|---|---|---|---|
| **Ally Financial / 2017 Kia Sedona** | **25,818.00** | **450.00** | **5.00%** |

    (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Approximate Amount of Claim | Approximate Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Chase Mortgage** | **84,823.00** | **664.83** | **Contract Rate** |

  d.  Unsecured Claims

    (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

**In order to satisfy the best interest of creditors test, general unsecured creditors shall receive a minimum distribution equal to the prorata amount of Debtors' 2017 combined income tax refunds earned but not received prior to the date this case was filed, less earned income credit.**

5.  The Debtor proposes to cure defaults in full, if any, to the following creditors by means of monthly payments by the trustee:

| Creditor | Interest Rate (If specified) |
|---|---|
| **Ally Financial** | **0.00%** |
| **Chase Mortgage** | **0.00%** |

6.  The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

7.  The employer on whom the Court will be requested to order payment withheld from earnings is:
**TJ Express.**

8.  The following executory contracts of the debtor are:

**Rejected:**

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

**Assumed:**

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code: The lien is a non-possessory, non-purchase money lien.  The value of all collateral is exempt under IC 34-5510.

| Name | Approximate Amount of Claim | Description of Property |
|---|---|---|
| **Heights Finance / household goods** | **4,000.00** | **Television, tools, lawn equipment, gas grill** |

11. Title to the Debtor's property shall revest in debtor **upon discharge, dismissal or further order of the court.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

   **The rights of holders of claims secured solely by a mortgage on real property which is used as the principal residence of the debtor shall be modified only to the extent that (a) paying the amounts specified in the allowed claim, while making all post petition principal, interest and escrow payments, as required by the loan documents, shall result in full reinstatement of the mortgage according to its original terms and may extinguish any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case shall be claimed pursuant to the requirement of this Plan, and if not so claimed, may be waived upon completion of this Plan.  The Mortgage Holder shall notify the trustee, the debtor and the attorney for the debtor of any (a) changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; and (b) changes in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment.**

   **The Mortgage Holder shall send written notice to the trustee, the debtor and the debtor's attorney of any Escrow Changes each year, indicating the monthly mortgage payment change, if any, from the prior year's escrow analysis.  This notice shall contain the escrow calculation showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B).  Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.**

   **The Mortgage Holder shall send written notice to the trustee, the debtor and the debtor's attorney of any Post-Petition fees, costs of collection, and all other contract charges alleged to accrue post-petition under the mortgage, including attorney's fees.  Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorneys' fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case shall be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, may be waived upon completion of this Plan. Notwithstanding the foregoing, no separate written notice shall be required to be sent by Mortgage Holder for those fees, costs, charges and expenses that are awarded or approved by bankruptcy court order or by debtor's written agreement.**

**Any allowable claim by the Jay County Treasurer for real estate taxes is a lien on the property upon which is being taxed and will be paid in full.  Trustee will pay any tax that was delinquent on the date the Debtor's case was filed.  All real estate taxes due after the filing date will be paid directly by Debtor or by the Debtor's mortgage company.**

**Any allowable secured claim by a taxing authority shall be paid in full.**

Date  **01/08/2018**                              Signature  /S/ Dennis G. Golden
                                                             **Attorney for Debtors**

## United States Bankruptcy Court
### Northern District of Indiana

| | | | |
|---|---|---|---|
| In re | **David E. Freyburgher**<br>**Elizabeth A. Freyburgher** | Case No. | **17-12243** |
| | Debtor(s) | Chapter | **13** |

## AMENDED CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$3,500.00** per month for **60** months.

   Total of plan payments: **$210,000.00**

   **Debtors' combined Income tax refunds received in any calendar year that exceed $500.00 shall be turned over to the Trustee for the benefit of the Debtors' creditors.**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:    **Trustee shall be paid according to applicable statute.**
      (2) Attorney's Fee (unpaid portion):    **$3,310.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):    **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      **Allowed priority claims shall be paid in full.**

   c. Secured Claims

      (1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Chase Mortgage** | **704 W. Main Portland, IN 47371  Jay County** | **664.83** |

      (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

          (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Minimum Monthly Payment | Interest Rate |
|---|---|---|---|
| **OneMain Financial / 2008 Saturn Vue** | **1,990.00** | **50.00** | **5.00%** |

          (b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Approximate Amount of Allowed Secured Claim | Minimum Monthly Payment | Interest Rate |
|---|---|---|---|
| **Ally Financial / 2017 Kia Sedona** | **25,818.00** | **450.00** | **5.00%** |

      (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Approximate Amount of Claim | Approximate Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Chase Mortgage** | **84,823.00** | **664.83** | **Contract Rate** |

   d.   Unsecured Claims

      (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

      (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

**In order to satisfy the best interest of creditors test, general unsecured creditors shall receive a minimum distribution equal to the prorata amount of Debtors' 2017 combined income tax refunds earned but not received prior to the date this case was filed, less earned income credit.**

5.   The Debtor proposes to cure defaults in full, if any, to the following creditors by means of monthly payments by the trustee:

| Creditor | Interest Rate (If specified) |
|---|---|
| **Ally Financial** | **0.00%** |
| **Chase Mortgage** | **0.00%** |

6.   The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

7.   The employer on whom the Court will be requested to order payment withheld from earnings is:
**TJ Express.**

8.   The following executory contracts of the debtor are:

   **Rejected:**

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

**Assumed:**

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code: The lien is a non-possessory, non-purchase money lien.  The value of all collateral is exempt under IC 34-5510.

| Name | Approximate Amount of Claim | Description of Property |
|---|---|---|
| **Heights Finance / household goods** | **4,000.00** | **Television, tools, lawn equipment, gas grill** |

11. Title to the Debtor's property shall revest in debtor **upon discharge, dismissal or further order of the court.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

    **The rights of holders of claims secured solely by a mortgage on real property which is used as the principal residence of the debtor shall be modified only to the extent that (a) paying the amounts specified in the allowed claim, while making all post petition principal, interest and escrow payments, as required by the loan documents, shall result in full reinstatement of the mortgage according to its original terms and may extinguish any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case shall be claimed pursuant to the requirement of this Plan, and if not so claimed, may be waived upon completion of this Plan.  The Mortgage Holder shall notify the trustee, the debtor and the attorney for the debtor of any (a) changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; and (b) changes in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment.**

    **The Mortgage Holder shall send written notice to the trustee, the debtor and the debtor's attorney of any Escrow Changes each year, indicating the monthly mortgage payment change, if any, from the prior year's escrow analysis.  This notice shall contain the escrow calculation showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B).  Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.**

    **The Mortgage Holder shall send written notice to the trustee, the debtor and the debtor's attorney of any Post-Petition fees, costs of collection, and all other contract charges alleged to accrue post-petition under the mortgage, including attorney's fees.  Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorneys' fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case shall be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, may be waived upon completion of this Plan. Notwithstanding the foregoing, no separate written notice shall be required to be sent by Mortgage Holder for those fees, costs, charges and expenses that are awarded or approved by bankruptcy court order or by debtor's written agreement.**

**Any allowable claim by the Jay County Treasurer for real estate taxes is a lien on the property upon which is being taxed and will be paid in full.  Trustee will pay any tax that was delinquent on the date the Debtor's case was filed.  All real estate taxes due after the filing date will be paid directly by Debtor or by the Debtor's mortgage company.**

**Any allowable secured claim by a taxing authority shall be paid in full.**

| Date | **01/09/2018** | Signature | /S/ Dennis G. Golden |
|---|---|---|---|
| | | | **Attorney for Debtors** |